```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

|  |  |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD BRIDGES, as executor of the estate of Henry M. Hopkins, Jr.; REBECCA M. MATHEWS; and LUCY H. AIRHART,<br><br>    Defendants. | *<br>*<br>*   CASE NO. 3:08-CV-10(CDL)<br>*<br>*<br>*<br>*<br>*<br>* |

## O R D E R

Plaintiff filed its Complaint in interpleader against Defendants Ronald Bridges, Rebecca Mathews,[1] and Lucy Airhart. Defendant Airhart failed to respond to Plaintiff's Complaint, and Defendant Mathews has filed a Motion for Default Judgment (Doc. 21) against Defendant Airhart. For the following reasons, the Court grants Defendant Mathews's motion.

### PROCEDURAL BACKGROUND

On January 25, 2008, Plaintiff filed its Complaint in interpleader against Defendants Bridges, Mathews, and Airhart in this Court. *See* 28 U.S.C. § 1335. Plaintiff filed this action in

---

[1] Defendant Mathews's last name is misspelled throughout all of the court documents. Defendant Mathews corrected the mistake in her Answer to Cross-Claim, filed with this Court on September 9, 2008.

interpleader because of potential competing claims to annuity proceeds. The Court by order dated January 31, 2008 allowed Plaintiff to pay the proceeds into the registry of the Court.

The record establishes that Defendant Airhart was personally served with Plaintiff's Complaint on February 19, 2008. (Def. Mathews's Mot. Default J. ¶ 4.) When Defendant Airhart failed to respond to Plaintiff's Complaint, the Clerk of Court made an entry of default as to Defendant Airhart on July 14, 2008. (*Id.*) Defendant Mathews now moves for a default judgment as to Defendant Airhart pursuant to Federal Rule of Civil Procedure 55(b)(2).[2]

## DISCUSSION

The only issue that needs some discussion relates to whether a co-defendant in an interpleader action can seek a default judgment against a fellow co-defendant when that fellow co-defendant fails to respond to a complaint in interpleader. While it is typically the plaintiff who moves for an entry of default judgment, the right of a defendant in an interpleader action to do so is recognized. Generally, interpleader defendants can utilize Rule 55 when other parties fail to defend. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2701 (3d ed. 1998). This application of Rule 55 protects the stakeholder and claimant while

---

[2] Defendant Mathews filed her Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(b)(1) and 55(b)(2). The plain language of Rule 55(b)(1) clearly provides that a motion under that subsection must be made "on the plaintiff's request." Therefore, the Court finds that Defendant Mathews's motion must proceed pursuant to Rule 55(b)(2).

removing parties who have no interest in the litigation. Although there is scant case law in this Circuit on this issue, the Court does note that a fellow district judge in this District has held that a named interpleader defendant who fails to answer forfeits any claim of entitlement that might have been asserted to the res. *See Valley Forge Life Ins. Co. v. Rockmore*, No. 7:07-CV-63, 2008 WL 1805450, at *1-2 (M.D. Ga. Apr. 18, 2008) (granting an interpleader defendant's motion for default judgment against two defaulting interpleader defendants). Because Defendant Airhart has failed to answer Plaintiff's Complaint, this Court grants Defendant Mathews's Motion for Default Judgment as to Defendant Airhart.

## CONCLUSION

Defendant Mathews's Motion for Default Judgment (Doc. 21) against Defendant Airhart is granted, and Defendant Airhart shall thus have no right to assert any claim to the proceeds that are the subject of this interpleader action.

IT IS SO ORDERED, this 24th day of September, 2008.

    S/Clay D. Land
       CLAY D. LAND
UNITED STATES DISTRICT JUDGE